RENEE SALZMAN, Plaintiff, *v.* MAX SAKOFSKY et al., Defendants.

Supreme Court, Special Term, Bronx County, May 19, 1949.

*Herman Katz* for plaintiff.

*Emanuel Janos* for Charles Herman and another, defendants.

*Louis Solomon* and *Samuel Bernstein* for Max Sakofsky and another, defendants.

EDER, J. This is an action for a declaratory judgment. At the conclusion of the trial this court rendered an oral decision stating its findings and the rights of the parties and directed that judgment be entered accordingly.

Plaintiff's counsel has submitted a proposed judgment which contains findings and a declaration of the rights of the parties. Defendants' counsel has submitted a form of declaratory judgment omitting findings but contains, to some extent, a declaration of the rights of the parties, and has also submitted a formal decision containing findings of fact and conclusions of law.

Objection is made to both by plaintiff, particularly to the submission of a formal decision containing separate findings of fact and conclusions of law, and in this connection, it is maintained by plaintiff that an action for a declaratory judgment is a special form of action; that in such an action no separate findings of fact are necessary and submits that only a judgment of a declaration of the rights of the parties is all that is required.

Not much has been written by the text writers on this precise point though there is suggestion by them that findings should be made.

I have found no case in this State on that particular feature.

The necessity to make a decision containing findings is one generally prescribed by statute, rule or decisional law.

In this State it is prescribed by section 440 of the Civil Practice Act that upon a trial by the court without a jury, a decision shall be made by the court, oral, or in writing, and must state the facts which the court deems essential. There appears to be no longer authority for requests for or findings of conclusions of law, though it is still a common practice to embody findings as to conclusions of law.

Be that as it may, in an equity case, in order to effect a disposition on the merits findings of fact are essential (*Nelson* v. *Ryan*, 222 App. Div. 754).

No distinction is made by section 440 as to the type or nature of the action with respect to the necessity to make findings. It is enough that the trial is by the court without a jury and in such an instance a decision is required and it must state the facts which the court deems essential.

Therefore, it is my conclusion that in an action for a declaratory judgment, as in every other type of action which is tried by the court without a jury, a decision is necessary, oral, or written, making findings as required by section 440.

Generally, the declaratory judgment contains such findings as well as a declaration of the rights of the parties, and the form of judgment submitted by plaintiff does so to some extent. It does recite the fact that the court, at the close of the trial, made its decision, and the judgment is regarded as sufficient in form, and is signed.

Since the court made an oral decision at the close of the case there is no need for submission of a separate formal decision.

Judgment signed.